MYRON F. SCHMITT, appellant, v. E. G. KETTELKAMP, M.D., defendant, and THE POSTVILLE COMMUNITY HOSPITAL, a corporation, et al., appellees.

No. 49360.

(Reported in 90 N.W.2d 439)

JUNE 3, 1958.

Hart & Hart, of Elkader, for appellant.

Jacobson & Bristol, of Waukon, for defendant Kettelkamp.

Jacobson & Bristol, of Waukon, and Burling & Palas, of Postville, for appellees Postville Community Hospital and town of Postville.

PETERSON, C. J.—Plaintiff filed action for damages against Dr. E. G. Kettelkamp and joined The Postville Community Hospital, a corporation, as defendant, alleging "improper treatment and medical care" in the hospital as to a foot injury suffered by plaintiff. Doctor Kettelkamp filed special appearance, which was overruled. He has not appealed and remains as a defendant.

Original notice as to "The Postville Community Hospital, a corporation," was served on Edna Dummermuth and Mrs. Truman Overeen. Postville Community Hospital had been sold in 1941 to town of Postville. The two ladies above named were working at the hospital for the town. Special appearance ob-

jecting to the jurisdiction of the court was filed by Postville Community Hospital and Incorporated Town of Postville.

The trial court sustained the special appearance and plaintiff has appealed.

There is only one question in the case: outside of defendant doctor, was an original notice served which brought anyone else under the jurisdiction of the court as to plaintiff's claim for damages?

From the record it would appear that Postville is one of the many small towns in Iowa where some dedicated doctor, after serving the community in his profession for many years, established a small hospital for the benefit of his patients and the community. This was the life history of Dr. Arthur A. Schmidt. The hospital had been maintained by him during the later years of his life. He died in 1934.

After his death and on February 28, 1934, his widow, Ottilie Schmidt and his two daughters and only heirs-at-law, Leila N. Schmidt, single, and Joyce G. Schmidt Spurgeon, together with her husband, George W. Spurgeon, incorporated the hospital as a corporation not for pecuniary profit in accordance with the provisions of chapter 394, 1931 Code of Iowa (now chapter 504. 1958 Code of Iowa).

The hospital was maintained by such corporation until 1941 when the widow and daughters made an agreement for sale of the hospital to town of Postville for $6000. Under proper statutory proceedings the question was submitted to a vote of the people and carried by 333 votes in favor to 180 votes opposed. An election carried as to issuance of bonds to secure the money for the purchase. Thereafter, warranty deeds and bill of sale were executed by the widow and heirs of Doctor Schmidt and by Postville Community Hospital, a corporation, conveying the real estate, hospital building located thereon, and all personal property to "Incorporated Town of Postville, Iowa."

The Articles incorporating the hospital in 1934 were filed for record in the office of the county recorder of Allamakee County on March 3, 1934, and the deeds and bill of sale conveying the hospital and contents to town of Postville were recorded November 4, 1941.

The adoption of the ordinance of the town council of Post-

ville together with all proceedings as to the elections authorizing purchase of the hospital, issuance of bonds, and election of three trustees are matters of public record in the office of the town clerk of Postville.

The return of the sheriff as to service of notice states the original notice was served on "The Postville Community Hospital, a Corporation, by delivering a copy of the original notice to Edna Dummermuth, a superintendent of said hospital and employee on April 28, 1956" and by service on Mrs. Truman Overeen "Claimed by appellant to have been a managing agent of that appellee on April 30, 1956." Amended return was filed stating: "On April 30, 1956, in the town of Postville, Allamakee County, Iowa, he served that original notice on the above named defendant, the Postville Community Hospital, a corporation, by delivering a copy of said original notice to Mrs. Truman Overeen, a managing agent of said defendant."

I. Mrs. Dummermuth and Mrs. Overeen were not employees in any capacity of *Postville Community Hospital, a corporation*. After 1941, when the hospital was sold to town of Postville, the corporation became only an empty shell. After it disposed of the hospital it had no other property, was not engaged in any business and did not perform any functions. Mr. Burling was attorney for the Incorporated Town of Postville. He had been the attorney in charge of the incorporation of the hospital for the widow and heirs of the doctor in 1934. He had been mayor of Postville for four years. He testified: "I know that when the hospital was sold to the town all of the corporation's assets were transferred, and it was dissolved by operation of law." There does not appear in the record any proceedings with reference to dissolution of the hospital corporation, but we can reasonably assume the meaning of Mr. Burling's statement was that the corporation never functioned after 1941.

It appears therefore, without question, that plaintiff did not bring the corporation within the jurisdiction of the court by service of notice upon the two ladies. Rule 56 (*f*), Rules of Civil Procedure, provides that service of original notice may be made upon a corporation "by serving any present or acting or last known officer thereof, or any general or managing agent."

Plaintiff attempted to meet the provisions of this rule by calling Mrs. Overeen a "managing agent." The difficulty with this contention is that Mrs. Overeen did not work for the corporation, either as agent or in any other capacity. She worked as a bookkeeper for the town of Postville, owner of Postville Community Hospital, when the original notice was served.

II. Plaintiff did not bring Postville Community Hospital within the jurisdiction of the court. The town of Postville had been the owner of the hospital for more than fifteen years prior to commencement of this action. Rule 56, R. C. P., provides a specific method of service upon a city or town. We quote: "Personal service may be made as follows: * * * (h) Upon any city or town by serving its mayor or clerk."

The management of Postville Community Hospital was under a duly elected board of trustees consisting of three members. Under these conditions it is possible that if plaintiff had served the original notice in accordance with rule 56 (m) the hospital would have been within the jurisdiction of the court. This provision is as follows: "* * * (m) Upon a governmental board, commission or agency, by serving its presiding officer, clerk or secretary."

Appellant's claim is against the hospital now functioning, in which he was recently a patient. He is not actually making claim against the old corporation which has had no hospital nor property, nor has it functioned for fifteen years. He cannot hope to successfully sue the present functioning hospital by attempting to serve notice on the old defunct corporation.

III. Appellant's first four brief points, with citations, are neither pertinent nor effective as to the one issue involved. If Brief Point V was comparable to case at bar, it could raise a question in favor of appellant. It is as follows: "A *participant* in a legal proceeding, claiming an interest in the subject matter and in the results of that proceeding, is a party to such proceeding." (Emphasis ours.) The theory involved in the above statement is not applicable to the case at bar. The question involved herein is the narrow one as to whether or not original notices were served in such manner that Postville Community Hospital owned by town of Postville was brought under the jurisdiction

of the court. The question was properly raised by special appearance in accordance with rule 66, R. C. P.

In trying to serve notice upon "Postville Community Hospital, a corporation" (on persons not in any manner connected with the corporation) neither the town nor the hospital was brought into court. In filing special appearance objecting to jurisdiction of the court, it might appear as if the town and hospital were strangers to the action. Since the petition and original notice apparently pertained to some actions by the hospital then functioning, it was proper as a matter of precaution for the town and the hospital to file special appearance in order to avoid more serious legal questions through a possible default. Furthermore, in view of appellant's urgent argument that they were in court on the notices as served, it was wise to appear specially.

In support of Brief Point V appellant cites only one case. State and Railroad and Warehouse Comm. v. Rock Island Motor Transit Co., 209 Minn. 105, 110, 295 N.W. 519, 523. This case involved an application before the Railroad Commission of Minnesota for a permit to engage in intrastate transportation. Many objectors appeared, among which was Brotherhood of Railroad Trainmen. The Brotherhood filed no formal protest but participated in the hearings before the commission, and in the trial when the case was appealed to the District Court. The question was raised as to participation of Brotherhood in the case in the Supreme Court in view of filing no protest nor pleading. The court said: "One who appears as an actor in a litigation or proceeding claiming or asserting an interest in the subject matter thereof is a party. It makes no difference that the party has failed to file a written pleading. The pleading may be waived where there is a *voluntary trial* of the issue which the pleading would have raised." (Emphasis ours.)

This is not comparable to the case at bar. Instead of town of Postville or hospital trustees entering into trial on the merits of the case they filed special appearance objecting to the jurisdiction of the court for failure to properly serve original notice upon them. They did not waive pleading and voluntarily try the issue of plaintiff's alleged claim against the hospital. What they did was exactly the opposite of such procedure.

The ruling of the trial court sustaining special appearance, and the consequent dismissal of the action as to defendant corporation, Postville Community Hospital, and Incorporated Town of Postville, is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.